435 So.2d 312 (1983)
Robert H. WRAY, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. AQ-215.
District Court of Appeal of Florida, First District.
July 8, 1983.
*313 Thomas L. Powell, of Douglass, Davey, Cooper & Coppins, Tallahassee, for appellant.
Joseph W. Lawrence, II, Dept. of Professional Regulation, Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant, Robert H. Wray, M.D., appeals a final order of the Board of Medical Examiners finding him guilty of professional misconduct, reprimanding him and placing him on probation for a period of two years subject to the conditions that he make semiannual appearances before the Board and perform 125 hours community service per year in the form of providing free medical services for appropriate individuals, agencies or charitable organizations. We reverse in part and remand for reconsideration of the penalty.
By administrative complaint, the Department of Professional Regulation charged Dr. Wray, a psychiatrist, with the following three counts:
1. Between the dates of January 15 and March 8, 1979, he violated Section 458.1201(1)(h), Florida Statutes (Supp. 1978) by engaging in deleterious conduct or practices harmful to the public by prescribing quantities of controlled substances for a certain patient, which prescriptions were not for a medically justifiable purpose and were inappropriate or in excessive quantities.
2. Pursuant to the factual basis for count I, he violated Section 458.1201(1)(m), Florida Statutes (Supp. 1978) "in being guilty of immoral or unprofessional conduct, incompetence or negligence."
3. From January 15 through March 8, 1979, he did not possess a Controlled Substances Certificate of Registration issued by the United States Department of Justice Drug Enforcement Administration. During that period, he was not authorized to dispense, administer, prescribe or possess scheduled controlled substances and in doing so violated Section 458.1201(1)(k), Florida Statutes (Supp. 1978).
The charges against Dr. Wray stemmed from his treatment from 1975 to 1979 of a *314 certain patient with violent tendencies. Sometime prior to March, 1979, Dr. Wray decided to suspend his practice of psychiatry and enter law school as a full-time student. At that time the patient involved here decided to move from Florida to Connecticut. Dr. Wray was unaware of any psychiatrist or other therapist to whom he could refer this type patient in Connecticut and, accordingly, over a period of several days, he prescribed a large amount of medication for the patient to enable him to maintain control over his violent behavior for a sufficient period of time to safely allow him to locate another therapist in Connecticut.
Dr. Wray admits that he inadvertently failed to renew timely his active registration with the Federal Drug Enforcement Administration before prescribing the controlled substances to his patient and thus he violated Section 458.1201(1)(k). The hearing officer found that the error was isolated and only a minimal penalty was warranted for that infraction. On appeal, Dr. Wray has not taken issue with the hearing officer's and the Board's finding in that regard.
The issues on appeal relate to counts I and II of the complaint. In a lengthy and well written order, the hearing officer found that the department had not shown by clear and convincing evidence that the amounts and types of medications prescribed during the period in question were inappropriate or represented a departure from the statutory standards of conduct under which Dr. Wray was charged. The hearing officer reviewed the testimony of the four doctors called as expert witnesses, from which he determined that Dr. Wray is one of approximately twelve psychiatrists in the country who narrowly specialize in violent outpatient treatment and that not only were Dr. Wray's actions in prescribing the drugs in this case professionally justifiable,
given the unique circumstances of [this] patient['s]... case, but indeed were to some extent commendable because of the protection afforded to the public and patient when not even hospitalization was shown to be beneficial. Thus, no deleterious conduct or practice harmful to the public has been proven so as to establish the charge in count I of the complaint.
However, the hearing officer then declared that
Dr. Wray's failure to secure immediate and certain referral of this patient to a qualified practitioner in the area to which he was moving, but, instead, allowing the substitution of the patient's judgment concerning when and how to take these large amounts of otherwise appropriate medications, does constitute an isolated lapse in Dr. Wray's otherwise appropriate course of professional conduct and must be concluded to constitute unprofessional conduct, and a failure to practice medicine with that level of care, skill and treatment recognized by reasonably prudent, similar physicians. Thus, the allegations in count II of the complaint have been proven to this extent only.
Thereupon, the hearing officer recommended that, as a penalty for the failure to refer and the violation in count III, Dr. Wray be required to enroll in a continuing education course designed to enhance his professional knowledge concerning the appropriate prescribing, dispensing, administering or possession of controlled substances and that his professional practice be monitored by the Board for a period of one year to insure that he appropriately and timely enrolls, participates in, and completes such continuing education course.
In its final order, the Board specifically accepted the findings of fact and conclusions of law of the hearing officer. However, the Board rejected the hearing officer's penalty recommendation, stating that he failed to consider the seriousness of the offense as well as the harm to the members of the public as reflected in the record of the proceedings. The Board then imposed the penalty from which appellant brings this appeal.
We agree with Dr. Wray's contention that the conclusion of the hearing officer and of the Board that appellant was guilty of professional misconduct for failure *315 to refer the patient to a psychiatrist in the state to which he was moving was error. First, Dr. Wray was not charged in the administrative complaint with unprofessional conduct for that failure to act. The charges related exclusively to improper and excessive medication prescriptions, of which the hearing officer and the Board found him not guilty. To have then found him guilty of an offense with which he was not charged was a denial of due process. See State, ex rel. Sbordy v. Rowlett, 125 Fla. 562, 170 So. 311 (Fla. 1936); Hickey v. Wells, 91 So.2d 206 (Fla. 1957). Secondly, even if the referral issue had been properly charged as a violation, there is no competent substantial evidence in the record to support a finding of guilt. The testimony of the expert witnesses fails to support such a finding, and, in fact, shows that such a referral is virtually impossible due to the limited number of psychiatrists in the country who will agree to treat such a patient. Because successful treatment of such a patient depends upon a therapeutic alliance with the doctor, the general practice of allowing the patient to choose his own therapist is appropriate medical practice and an acceptable option to a referral. We therefore reverse the Board's finding of guilt of professional misconduct in the failure to refer, and we affirm the finding of guilt under count III. We remand to the Board for reconsideration of the penalty to be imposed for the infraction under count III.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, C.J., and THOMPSON, J., concur.