465 So.2d 1324 (1985)
Joshua L. STERNBERG, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. AY-173.
District Court of Appeal of Florida, First District.
March 19, 1985.
Stephen Marc Slepin, of Slepin, Slepin, Lambert & Waas, Tallahassee, for appellant.
Joseph W. Lawrence, II, Chief Atty., Dept. of Professional Regulation, Tallahassee, for appellee.
WIGGINTON, Judge.
Dr. Sternberg appeals from the final order of the Board of Medical Examiners, adopting the hearing officer's recommended order, which held that Dr. Sternberg had violated paragraphs (l) and (o) of section 458.331(1), Florida Statutes (1981).[1] We affirm in part and reverse in part.
Dr. Sternberg was charged in a seven count complaint by the Medical Board and the Department of Professional Regulation with violating, inter alia, section 458.331(1)(l), Florida Statutes, by allegedly making deceptive, untrue, or fraudulent representations in the practice of medicine or employing a trick or scheme in the practice of medicine, and section 458.331(1)(o), Florida Statutes, by allegedly exercising influence on a patient in such a manner as *1325 to exploit the patient for financial gain. With regard to the issues on appeal, the facts alleged in the complaint on which the foregoing charges were based were set forth as follow:
On July 18, 1980, Mr. Maurice Blanchar visited the Respondent to obtain a nuclear scan. Mr. Blanchar was advised, and read an advertisement, prior to his visit, that the scan would cost approximately $95.00. The Respondent, however, performed the additional tests of cardiac imaging at rest and with stress [MUGA at rest and at stress] and cardiac imaging blood pool. These additional tests were conducted without consultation with Mr. Blanchar. Further, the Respondent presented Mr. Blanchar with a bill for $1,765.00 for these procedures. [¶] The Respondent performed redundant and, therefore, unnecessary tests by utilizing both the cardiac imaging and the cardiac imaging blood pool. Further, the Respondent grossly over-charged for all the procedures performed.
At the conclusion of the hearing, the hearing officer entered his recommended order finding that the MUGA at rest and at stress tests and the cardiac imaging blood pool test were legitimate tests and relevant to Blanchar's complaints. However, with regard to a separately itemized stress test, for which Blanchar was charged $150, the hearing officer found that there was no evidence establishing that such a test was performed "separate and apart from the MUGA at stress, performed for the $500 charge." The hearing officer therefore concluded that Blanchar was "doublebilled" by Dr. Sternberg, who, by such action, employed "a deceptive device or scheme" resulting in a "larger than usual financial gain due to that scheme or device," in violation of section 458.331(1)(l) and (o).[2]
In adopting "in toto" the hearing officer's findings of fact and conclusions of law, the Board of Medical Examiners rejected Dr. Sternberg's exception to the hearing officer's findings and conclusions with regard to the separately itemized stress test. Dr. Sternberg excepted to the hearing officer's order on the basis that he was not charged with that violation in the administrative complaint. We agree.
The facts alleged in the complaint and set out above reflect that only three tests were conducted; there was no fact alleged reflecting the separately itemized stress test. Nor was Dr. Sternberg apprised during the hearing that there was an issue with regard to the billing for the stress test. There was no specific inquiry as to why Dr. Sternberg charged separately for the test; rather, the inquiry was centered on the test's medical veracity in conjunction with the MUGA at stress test. For the hearing officer and the Board to have then found Dr. Sternberg guilty of an offense with which he was not charged was to deny him due process. Wray v. Department of Professional Regulation, Board of Medical Examiners, 435 So.2d 312 (Fla. 1st DCA 1983).
Dr. Sternberg also argues that the Board's action was "tainted or fatally flawed by irregular and improper conduct" of the Board or one of its members. He alleges that a Board member improperly solicited the testimony of a prosecution witness, and engaged in improper communications with the DPR prosecutor, prohibited by section 455.221, Florida Statutes, and Department of Professional Regulation v. LeBaron, 443 So.2d 225 (Fla. 1st DCA 1983). A careful review of the record, however, revealed no impropriety on the Board's part such as to deprive Dr. Sternberg of a fair hearing before an impartial tribunal. Ford v. Bay County School Board, 246 So.2d 119 (Fla. 1st DCA 1970).
Finally, Dr. Sternberg urges reversal on the basis that the proceedings were unauthorized for want of a probable cause determination of record. Despite the fact that this issue was never made the basis for a motion to dismiss, we will nonetheless *1326 respond and hold that the record does indicate that a probable cause hearing was held, and, for that matter, Dr. Sternberg has presented no evidence to indicate the contrary.
In conclusion, we reverse that part of the Board's order finding that Dr. Sternberg had violated section 458.331(1)(l) and (o). The cause is remanded for further proceedings consistent with this opinion.
WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] 458.331 Grounds for disciplinary action; action by the board. 

(1) The following acts shall constitute grounds for which the disciplinary actions specified in subsection (2) may be taken:
* * * * * *
(1) Making deceptive, untrue, or fraudulent representations in the practice of medicine or employing a trick or scheme in the practice of medicine when such scheme or trick fails to conform to the generally prevailing standards of treatment in the medical community.
* * * * * *
(o) Exercising influence on the patient or client in such a manner as to exploit the patient or client for financial gain of the licensee or of a third party which shall include, but not be limited to, the promoting or selling of services, goods, appliances, or drugs and the promoting or advertising on any prescription form of a community pharmacy unless the form shall also state "This prescription may be filled at any pharmacy of your choice."
[2] The hearing officer correctly observed that chapter 458, Florida Statutes, does not prohibit a physician from setting his own fees, and that overcharging, per se, is not prohibited by law.