# DEPARTMENT OF BUSINESS REGULATION, DIVISION OF PARI-MUTUEL WAGERING v PHELPS

## Case No. 88-1297

State of Florida, Division of Administrative Hearings

July 11, 1988

### APPEARANCES OF COUNSEL

**Thomas A. Klein,** Deputy General Counsel, Department of Business Regulation, for petitioner.

**Lawrence Phelps,** pro se.

### OPINION OF THE COURT

LARRY J. SARTIN, Hearing Officer.

### *RECOMMENDED ORDER*

Pursuant to written notice a formal hearing was held in this case before Larry J. Sartin, a duly designated Hearing Officer of the Division of Administrative Hearings, on July 7, 1988, in Jacksonville, Florida.

### *INTRODUCTION*

The Petitioner, the Department of Business Regulation (hereinafter

referred to as the "Department"), Division of Pari-Mutuel Wagering (hereinafter referred to as the "Division"), gave notice in an Administrative Complaint dated August 25, 1987, to the Respondent, Lawrence Phelps, to show cause why his license with the Division should not be disciplined. Mr. Phelps filed a Request for Formal Hearing with the Department requesting a formal administrative hearing to contest the Administrative Complaint. By letter dated March 17, 1988, the Department requested that the Division of Administrative Hearings conduct a formal hearing.

At the formal hearing the Department presented the testimony of Anthony Fasulo. The Department also filed the deposition testimony of Robert T. Brenzel and Henry G. Youngblood. In a Motion to Consider Depositions the Department requested that the depositions be admitted into evidence. This Motion was granted at the commencement of the formal hearing. The Department also offered five exhibits which were marked as "Petitioner's" exhibits and accepted into evidence. Petitioner's exhibits 1-3 are part of the deposition testimony of Henry G. Youngblood.

Mr. Phelps testified on his own behalf and offered twelve exhibits. The exhibits were marked as "Respondent's" exhibits and accepted into evidence.

The Department has filed a proposed recommended order containing proposed findings of fact. A ruling on each proposed finding of fact has been made either directly or indirectly in this Recommended Order or the proposed finding of fact has been accepted or rejected in the Appendix which is attached hereto. Mr. Phelps did not file a proposed recommended order.

### ISSUE

Whether Lawrence Phelps' Pari-Mutuel Wagering Occupational License should be disciplined?

### FINDINGS OF FACT

1. On May 19, 1986, Lawrence Phelps executed and filed an application with the Division for a Pari-Mutuel Wagering Occupational License.

2. The Division approved Mr. Phelps' application for license and issued license number 0053382 on May 28, 1987.

3. Mr. Phelps was requested to inform the Division in question number four of the application whether, among other things, he had "ever been convicted of . . . Bookmaking?" Mr. Phelps answered this question by placing an "X" next to the response "No."

4. On November 16, 1987, Mr. Phelps was adjudicated guilty by the State of New York, County of Columbia County Court, of the offense of "possession of gambling records second degree" a violation of Section 225.15 of the New York State Penal Code. Mr. Phelps was fined five hundred dollars.

5. On March 6, 1979, Mr. Phelps was convicted by the City of Hudson, New York, City Court, of "gambling second degree" a violation of Section 225.05 of the New York State Penal Code, and "possession of gambling records second degree." Mr. Phelps was fined $250.00 and $150.00, respectively, for these offenses.

6. On March 26, 1980, Mr. Phelps was adjudicated guilty by the State of New York, County of Columbia County Court, of the offense of "possession of gambling records second degree." Mr. Phelps was again fined five hundred dollars.

7. Mr. Phelps did not inform the Division of his three convictions in New York of possession of gambling records in the second degree or his conviction of gambling in the second degree.

8. Mr. Phelps' convictions involving gambling all relate to a "policy (numbers) operation."

9. Mr. Phelps believed that he properly answered the question concerning whether he had been convicted of the offense "bookmaking" when he completed his May 19, 1986, application for a Pari-Mutuel Wagering Occupational license. Mr. Phelps believed that "bookmaking" pertains to a particular type of gambling which he has not been convicted of engaging in.

10. Mr. Phelps moved to Florida from New York and began employment with a greyhound dog track located in Jacksonville, Florida.

11. Mr. Phelps has been licensed by the Division since 1981.

12. Mr. Phelps has been barred from employment at the track for approximately one year.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction of the parties to and the subject matter of this proceeding. Section 120.57(1), Florida Statutes (1987).

This proceeding is penal in nature. *Bach v Florida Board of Dentistry*, 378 So.2d 34 (Fla. 1st DCA 1980). Because Mr. Phelps' license is at stake, the evidence to support the charges against Mr. Phelps

must be clear and convincing. *Ferris v Turlington,* 510 So.2d 292 (Fla. 1987).

The burden of proof is on the party asserting the affirmative of an issue in an administrative hearing. *Balino v Department of Health and Rehabilitative Services,* 348 So.2d 349 (Fla. 1st DCA 1977). The burden of proof in this case is on the Department. See *Department of Transportation v J.W.C. Company, Inc.,* 396 So.2d 778 (Fla. 1st DCA 1981).

Section 550.10(3)(b), Florida Statutes, authorizes the Division, in pertinent part, to:

> deny, suspend, or revoke any occupational license when the applicant for or holder thereof has violated the provisions of this chapter, chapter 551, or the rules and regulations of the division governing the conduct of persons connected with the racetracks. . . .

Pursuant to Section 550.10(3)(b), Florida Statutes, the Division has charged Mr. Phelps with violating Rule 7E-2.005(6), Florida Administrative Code. Rule 7E-2.005(6), Florida Administrative Code, provides, in pertinent part, the following:

> The Division may deny or revoke the license of any person who has been convicted of a felony in any jurisdiction, *or who has been convicted of any offense, felony or otherwise, which is directly connected to wagering,* racing, or jai-alai *in any jurisdiction. The Division . . . may suspend or revoke an occupational license issued if it shall find that the applicant,* or any persons who is a partner, agent, employee, or associate of the applicant, *had knowingly associated or consorted with any person or persons who have been convicted of a felony in any jurisdiction or jurisdictions or is knowingly consorting or associating with bookmakers, touts, or persons of similar pursuits . . .* [Emphasis added].

In the Administrative Complaint filed in this case the Department has alleged that Mr. Phelps was convicted of an "offense, felony or otherwise, which is directly connected to wagering." In particular, the Department has alleged in the Administrative Complaint that Mr. Phelps' convictions on November 16, 1978, and March 26, 1980, of the offense of possession of gambling records in the second degree constitute convictions of offenses directly connected to wagering. The evidence in this case supports this allegation. Section 225.15 of the New York Penal Code defines possession of gambling records in the second degree, in pertinent part, as follows:

> A person is guilty of possession of gambling records in the second

degree when, with knowledge of the contents or nature thereof, he possess any writing, paper, instrument or article:

1. Of a kind commonly used in the operation or promotion of a bookmaking scheme or enterprise; or

2. Of a kind commonly used in the operation, promotion or playing of a lottery or policy scheme or enterprise; . . .

3. Of any paper or paper product in sheet form chemically converted to nitrocellulose having explosive characteristics.

4. Of any water soluble paper or paper derivative in sheet form. Possession of gambling records in the second degree is a class A misdemeanor.

Mr. Phelps' conviction of possession of gambling records in the second degree on November 16, 1978, and March 26, 1980, are offenses directly connected to wagering in violation of Rule 7E-2.005(6), Florida Administrative Code, even though the convictions occurred prior to licensure. See *Cirnigliaro v Florida Police Standards and Training Commission,* 409 So.2d 80 (Fla. 1st DCA 1982).

Evidence was also presented at the formal hearing concerning two other crimes for which Mr. Phelps was convicted in the City of Hudson, New York, City Court. The Administrative Complaint against Mr. Phelps in this case does not, however, contain any allegation that these convictions also constitute convictions of any offense connected to wagering. Therefore, no consideration of whether these convictions also constitute convictions of offenses directly connected to wagering has been given. See *Schepp v School Board of Broward County,* 506 So.2d 1108 (Fla. 4th DCA 1987); and *Wray v Department of Professional Regulation,* 435 So.2d 312 (Fla. 1st DCA 1983).

The Department has also alleged in the Administrative Complaint that Mr. Phelps, in violation of Rule 7E-2.005(6), Florida Administrative Code, *was* an associate in *1979* of Nicky Laperia, a known bookmaker with "numerous convictions for misdemeanors involving gambling and bookmaking, and [who] plead to a Class E Felony gambling charge in the State of New York, on 3/26/80. . . . " The evidence presented in this case failed to prove that Mr. Phelps has violated Rule 7E-2.005(6), Florida Administrative Code. The portion of this Rule at issue requires that the Department prove that Mr. Phelps associated or consorted with a person convicted of a felony or that Mr. Phelps *is* consorting or associating with bookmakers, touts, or persons of similar pursuits. The weight of the evidence in this case failed to prove that Mr. Laperia has been convicted of a felony or that Mr. Phelps *is* now consorting or associating with Mr. Laperia.

The Department has also charged Mr. Phelps with violating Rule 7E-2.005(26), Florida Administrative Code, which provides, in pertinent part, that "[f]alsification of any part of a license application may be grounds for a fine or revocation of said license." In the Administrative Complaint against Mr. Phelps, the Department has alleged that Mr. Phelps falsified his license application of May 19, 1986, by answering "No" to the question on the license application of whether he had ever been convicted of "bookmaking." In particular, the Department has alleged in the Administrative Complaint that Mr. Phelps' convictions of possession of gambling records in the second degree on November 16, 1978, and March 26, 1980, constitute convictions of the offense of "bookmaking." Therefore, the Department has asserted that Mr. Phelps falsified his May 19, 1986, license application by indicating that he had not been convicted of "bookmaking" when in fact he was convicted on November 16, 1978, and March 26, 1980, of possession of gambling records in the second degree.

The term "bookmaking" is defined in Section 849.25(1)(a), Florida Statutes, as follows:

The term "bookmaking" means the act of *taking or receiving,* while engaged in the business or profession of gambling, *any bet or wager* upon the result of any trial or contest of skill, speed, power, or endurance of man, beast, fowl, motor vehicle, or mechanical apparatus or *upon the result of any chance,* casualty, unknown, or contingent even whatsoever. [Emphasis added].

The offense of possession of gambling records in the second degree, as that offense is defined under the New York Penal Code, does not constitute the offense of "bookmaking" as that term is defined in Section 849.25(1)(a), Florida Statutes. The Department has, therefore, failed to prove that Mr. Phelps falsified his license application on May 19, 1986, when he indicated that he had not been convicted of "bookmaking," because he failed to disclose his convictions for possession of gambling records on November 16, 1978, and March 28, 1980.

The Administrative Complaint in this case does not contain any allegations concerning whether the convictions in the City of Hudson, New York, City Court, constitute convictions of "bookmaking" which Mr. Phelps failed to disclose on his license application of May 19, 1986. Therefore no consideration of whether either of these convictions constitute "bookmaking" has been given in determining whether Mr. Phelps violated Rule 7E-2.005(16), Florida Administrative Code. See *Schepp, supra,* and *Wray, supra.*

Based upon the foregoing, the Department has proved that Mr.

**219**

Phelps' convictions of possession of gambling records in the second degree constitute convictions of offenses directly connected with wagering in violation of Rule 7E-2.005(6), Florida Administrative Code. The Department has failed to prove any of the other charges contained in the Administrative Complaint against Mr. Phelps.

In it proposed recommended order the Department has argued that Mr. Phelps' license should be suspended for a period of two years from the date of the Final Order in this case. This recommendation is based upon the Department's conclusion that it had proved all of the offenses contained in the Administrative Complaint and its interpretation of Section 550.361, Florida Statutes. The Department has failed, however, to prove all of the allegations contained in its Administrative Complaint and its reliance on Section 550.361 is misplaced. Section 550.361, Florida Statutes, provides, among other things, penalties for persons who are guilty of "bookmaking." As concluded, *supra,* the Department has failed to prove that Mr. Phelps has been convicted of "bookmaking." The Department has also failed to take into account the fact that Mr. Phelps' convictions occurred over eight years ago and that Mr. Phelps has already been barred from his position at the track where he was employed for almost a year.

## RECOMMENDATION

Based upon the foregoing Findings of Fact and Conclusions of Law, it is

RECOMMENDED that the Department enter a Final Order finding that Mr. Phelps has been convicted of an offense connected to wagering in violation of Rule 7E-2.005(6), Florida Administrative Code.

It is further

RECOMMENDED that the Department suspend Mr. Phelps' Pari-Mutuel Wagering Occupational license, number 0053382, for a period of twelve (12) months from the date that Mr. Phelps was first barred from race tracks in Florida.

DONE and ENTERED this 11th day of July, 1988, in Tallahassee, Florida.