560 So.2d 383 (1990)
Arys CELAYA, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 89-1429.
District Court of Appeal of Florida, Third District.
May 1, 1990.
Dunn, Dresnick & Lodish and Deborah J. Miller, Miami, for appellant.
Lisa S. Nelson, for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
BASKIN, Judge.
Arys Celaya appeals a final order of the Florida Board of Medicine [Board] revoking his license to practice medicine. We reverse and remand for reconsideration of the penalty.
The Department of Professional Regulations [DPR] filed an administrative complaint *384 against Arys Celaya, a medical doctor, predicated on his conviction of a crime related to the practice of medicine: Celaya had pled nolo contendere to one count of Medicaid fraud. Celaya brought a friend, Luis Estrada, to translate for him at the informal hearing before the Board. At the conclusion of the hearing, the Board found Celaya guilty as charged. The penalty DPR recommended was a six-month suspension of Celaya's license, a fine, and probation. During the penalty phase, the Board discussed at length Celaya's qualifications to practice medicine, and expressed its frustration at DPR's failure to charge Celaya with lack of competence. Despite its attorney's instruction to limit discussion to matters charged in the complaint, the Board discussed and questioned Celaya about matters pertaining to his competence. The Board concluded that Celaya was not competent to practice medicine, and entered a final order revoking Celaya's license to practice medicine. Celaya appeals.
In questioning Celaya's ability to practice medicine, a matter not alleged in the administrative complaint, the Board violated Celaya's due process right to be notified of the charges against him. Sternberg v. Department of Professional Regulation, Board of Medical Examiners, 465 So.2d 1324 (Fla. 1st DCA 1985); Wray v. Department of Professional Regulation, Board of Medical Examiners, 435 So.2d 312 (Fla. 1st DCA 1983). We therefore reverse the final order revoking Celaya's license to practice medicine and remand to the Board for reconsideration of the penalty.
Appellant's remaining points lack merit.[1]
Reversed and remanded.
NOTES
[1] Florida Administrative Code Rule 21M-18.015(1) requires the witness to provide and pay for a translator; the Board has no duty to provide Celaya with an translator. We note, however, that the Board determined that Estrada was not a translator "certified acceptable by a court or otherwise duly qualified." Id. The Board failed to require an audible recording of the translations, Fla. Admin. Code Rule 21M-18.015(2), and failed to demonstrate that Estrada's translation was "a verbatim translation of all statements and questions made to or by the witness." Fla. Admin. Code Rule 21M-18.015(2). These omissions should be corrected at future hearings.