SMITH, Judge.
Appellant, a doctor who practiced in Florida before moving back to his native country, Uruguay, was charged with failure to advise the Board of Medicine of his new address and failing to adequately complete medical records before leaving the country contrary to sections 458.319(5) and 458.-331(l)(m) and (x), Florida Statutes (1989). The charges contained in the administrative complaint are supported by the evidence and the record. As penalties, the Board ordered that respondent’s “license to practice medicine is reprimanded,”[1] and imposed a fine of $2,000.00. The Board also suspended his license until he gave notice to patients of the relocation of his practice and availability of patient records. However, appellant was not charged with failure to give notice to his patients of the relocation of his practice and availability of patient records; therefore, that portion of the order suspending his license for conduct not charged in the administrative complaint, is stricken. Willner v. Department of Professional Regulation, Board of Medicine, 563 So.2d 805 (Fla. 1st DCA 1990); and Wray v. Department of Professional Regulation, Board of Medical Examiners, 435 So.2d 312 (Fla. 1st DCA 1983). In all other respects, the Board’s order is affirmed. See Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla.1978) (when findings of the agency are sustained and penalty imposed is within parameters set by statute, penalty is beyond review).
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
ZEHMER and WEBSTER, JJ., concur.

. We take no credit for this terminology but use it because this is the language found in the Board’s final order.