625 So.2d 1237 (1993)
Oscar KLEIN, M.D., Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellee.
No. 92-02526.
District Court of Appeal of Florida, Second District.
August 20, 1993.
Rehearing Denied October 22, 1993.
*1238 Rebecca A. Baitty and H. Roger Lutz of Lutz, Webb, Bobo and Baitty, P.A., Sarasota, for appellant.
Kathryn L. Kasprzak, Staff Atty., Dept. of Business and Professional Regulation, Tallahassee, for appellee.
BLUE, Judge.
Oscar Klein, M.D. (Klein) appeals an order revoking his license to practice medicine rendered by the Board of Medicine after an informal hearing. Klein contends the informal hearing before the Board of Medicine was flawed because the Board considered numerous acts of alleged misconduct not contained in the administrative complaint and failed to terminate the hearing when it was apparent that there were disputed issues of fact. We agree, reverse the order, and remand for an administrative hearing.
Klein entered a plea of guilty to a federal charge of failure to report Medicare fraud by a third party. The plea was based on a factual stipulation between Klein and the federal prosecutors which established that Klein had become aware of false Medicare billing after the fact and had failed to report the fraud. This guilty plea was the sole charge in the administrative complaint. Klein signed an election of rights, stipulating that there was no dispute concerning the factual allegations in the administrative complaint, and elected an informal hearing, which permitted him to submit evidence in mitigation of the complaint. Klein attended the informal hearing without counsel.
Because of the election of rights, the hearing began with perfunctory motions adopting the findings of the administrative complaint and finding Klein "in violation of Florida Statutes as charged in the administrative complaint." The Department of Business and Professional Regulation (formerly the Department of Professional Regulation) recommended a penalty consisting of a $5,000.00 fine, two years of probation, and fifty hours of community service for each year of probation. Klein made a brief statement which we assume he perceived as being in mitigation of the complaint. What then ensued was a somewhat confusing and very inquisitorial interrogation by the Board.[1]
Nearly all the Board members questioned Klein on matters which were not included in the administrative complaint and involved disputed factual issues. In questioning Klein, the Board expressed disbelief at the answers received and impatience with his refusal to agree to their accusations. It is apparent from the record that the Board believed Klein was guilty of infractions more serious than the one charged in the administrative complaint. Klein disputed the Board's accusations.
It is also clear that the Board voted to revoke Klein's license to practice medicine based on its belief that Klein had committed infractions not charged and was untruthful. Neither of these grounds provide support for the Board's action. See Celaya v. Department of Professional Regulation, Board of Medicine, 560 So.2d 383 (Fla. 3d DCA 1990) (Board of Medicine violated physician's due process right when it questioned him about a matter not alleged in the administrative complaint and revoked his license on the basis of the uncharged allegations); Bernal v. Department of Professional Regulation, Board of Medicine, 517 So.2d 113 (Fla. 3d *1239 DCA 1987) (physician's alleged lack of candor in his testimony on administrative charges would not justify Board of Medicine's increase of penalty), approved, 531 So.2d 967 (Fla. 1988).
Section 455.225(5), Florida Statutes (1991), provides for a formal hearing before a hearing officer if there are any disputed issues of fact and "[i]f any party raises an issue of disputed fact during an informal hearing, the hearing shall be terminated and a formal hearing pursuant to chapter 120 shall be held." We conclude this provision applies to the penalty phase of an informal hearing as well as to questions of guilt. Having determined there were disputed issues of fact during the penalty phase of the informal hearing, we interpret section 455.225(5), Florida Statutes (1991), to entitle Klein to a formal hearing on the penalty issue.
We affirm the findings and conclusions of guilt, but reverse the revocation of Klein's license to practice medicine and remand for reconsideration of the penalty, with the right to a formal hearing if the facts which form the basis for the penalty continue to be in dispute.
REVERSED AND REMANDED.
PARKER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] The Board conducting the hearing was in need of legal guidance concerning due process and the Board's statutory limitations. Although there were two Department attorneys present, they were unwilling or unable to advise the Board. In fairness to the attorneys, the Board exhibited little self-doubt or receptiveness to advice.