685 So.2d 1371 (1996)
Alan David COTTRILL, Appellant,
v.
DEPARTMENT OF INSURANCE, Appellee.
No. 96-1231.
District Court of Appeal of Florida, First District.
December 12, 1996.
Patrick A. Raley of Infantino and Berman, Winter Park, for Appellant.
Kelly A. Cruz, Senior Attorney of the Department of Insurance and Treasurer, Tallahassee, for Appellee.
BENTON, Judge.
Alan David Cottrill appeals a final order of the Department of Insurance (Department). The final order adopted the recommended order's findings and conclusions "as clarified," and the recommendation that appellant's license be revoked, while declining to impose fines that the hearing officer recommended. See Dyer v. Department of Ins., *1372 585 So.2d 1009 (Fla. 1st DCA 1991). We reverse in part and remand for reconsideration of the penalty: Not all of the violations of which appellant was found guilty were alleged in the administrative complaint.
The final order finds appellant guilty of violations of sections 626.611(5) and (9), 626.621(12), 627.4085(1), and 627.8405, Florida Statutes (1993). Substantial competent evidence supports the determination that appellant violated sections 626.611(5) and (9) and 626.621(12), Florida Statutes (1993). We reject appellant's contention to the contrary, and affirm the final order insofar as it finds appellant violated sections 626.611(5) and (9) and 626.621(12), Florida Statutes (1993).
To the extent the final order finds appellant guilty of violating sections 627.4085(1) and 627.8405, Florida Statutes (1993), however, it must be reversed. While evidence came in which might well support the recommended order's findings that appellant acted in violation of sections 627.4085(1) and 627.8405, Florida Statutes (1993), the Department never pleaded facts that constituted violations of section 627.4085(1) or 627.8405, Florida Statutes (1993).
Even though the administrative complaint contained references to these statutory provisions, it did not allege any act or omission in violation of either provision. As to these putative violations, the administrative complaint did not afford "reasonable notice to the licensee of facts or conduct which warrant" disciplinary action, as required by chapter 96-159, section 26, at 51, Laws of Florida, creating section 120.60(5), Florida Statutes (Supp.1996)(incorporating language from section 120.60(7), Florida Statutes (1993), with minor modifications not relevant here). See Robins v. Florida Real Estate Comm'n, 162 So.2d 535, 537 (Fla. 3d DCA 1964).
Predicating disciplinary action against a licensee on conduct never alleged in an administrative complaint or some comparable pleading violates the Administrative Procedure Act. To countenance such a procedure would render nugatory the right to a formal administrative proceeding to contest the allegations of an administrative complaint. See Klein v. Department of Business and Professional Regulation, 625 So.2d 1237, 1238 (Fla. 2d DCA 1993).
While we base our decision on the Administrative Procedure Act, we are not unaware that both state and federal constitutions require adequate notice before a citizen's livelihood can be taken away. Hickey v. Wells, 91 So.2d 206 (Fla.1956); Chrysler v. Department of Professional Regulation, 627 So.2d 31 (Fla. 1st DCA 1993); Willner v. Department of Professional Regulation, 563 So.2d 805 (Fla. 1st DCA 1990), review denied, 576 So.2d 295 (Fla.1991); Celaya v. Department of Professional Regulation, 560 So.2d 383 (Fla. 3d DCA 1990); Sternberg v. Department of Professional Regulation, 465 So.2d 1324 (Fla. 1st DCA 1985); Wray v. Department of Professional Regulation, 435 So.2d 312 (Fla. 1st DCA 1983).
We reverse the final order insofar as it finds appellant violated sections 627.4085(1) and 627.8405, Florida Statutes (1993), and remand with directions to the Department to take appropriate disciplinary action, predicated solely on the violations both pleaded in the administrative complaint and proven at hearing. Munch v. Department of Professional Regulation, 592 So.2d 1136, 1144 (Fla. 1st DCA 1992)("Because we reverse in part the Commission's Final Order, we must remand to the Commission to permit it to reconsider the penalty imposed upon appellant in light of this opinion."); Schepp v. School Bd. of Broward County, 506 So.2d 1108 (Fla. 4th DCA 1987); LaRossa v. Department of Professional Regulation, 474 So.2d 322, 325 (Fla. 3d DCA 1985)("Since we have reversed the Commission's finding with regard to subsection (k), we must remand this cause to the Commission for reconsideration of the penalty imposed.").
Affirmed in part; reversed in part; and remanded.
ERVIN and KAHN, JJ., concur.