PER CURIAM.
In its amended administrative complaint, the Agency for Health Care Administration (AHCA)[1] alleged that appellant Philip William Lortz had violated four subsections of chapter 458, Florida Statutes (1995). Count One alleged a violation of subsection 458.331(1)(t);[2] Count Two alleged a violation of subsection 458.331(l)(j);[3] Count Three alleged a violation of subsection 458.331(1)(x);[4] *384 and Count Four alleged a violation of subsection 458.331(1)(s).[5]
We affirm the order under review to the extent it determines appellant guilty of offenses charged in the first three counts. But we reverse as to Count Four, and remand to the Board accordingly. The first three counts hinged on whether or not a physician-patient relationship existed between appellant and a twenty-two year old college student, A.S. Competent, substantial evidence in the record supports the hearing officer’s[6] finding[7] that a physician-patient relationship did exist, a finding the Board of Medicine adopted in its final order.
The Board and the hearing officer never found as a fact that appellant was, as alleged in Count Four, “unable to practice medicine with reasonable skill and safety,” only that “Respondent’s personality disorder impairs his ability to practice medicine with reasonable skill and safety.” This finding is consistent with the report and testimony of Dr. Barbara Stein, a forensic psychiatrist who evaluated appellant and on whose testimony the hearing officer apparently relied. By finding an ability (albeit “impaired”) to practice safely and with skill, the Board of Medicine and the hearing officer necessarily rejected a finding of true inability. Not everything that impairs or interferes with a practitioner’s ability renders safe and skillful practice impossibe or even unlikely.
Neither the hearing officer’s findings, nor Dr. Stein’s recommendation that appellant be “monitored” with female patients, nor her opinion that she would be “very concerned” and “would not feel comfortable” with his practicing without treatment (“individual psychotherapy,” “group therapy,” and “educational rehabilitation”) she said he needed (“in order to deal with his anger, in order to become more in touch with his feelings so that he did not act out inappropriately”) supports the legal conclusion that appellant was “unable to practice medicine with reasonable skill and safety.” § 458.331(1)(s), Florida Statutes (1995).
Because we reverse as to Count Four, we remand for reconsideration of the penalty. See Werner v. Department of Ins. and Treasurer, 689 So.2d 1211 (Fla. 1st DCA 1997); Cottrill v. Department of Ins., 685 So.2d 1371 (Fla. 1st DCA 1996).
Affirmed in part, reversed in part, and remanded.
ERVIN, KAHN and BENTON, JJ., concur.

. Effective July 1, 1997, the Department of Health became the state agency charged with regulating the practice of medicine pursuant to section 20.43, Florida Statutes, and chapters 455 and 458, Florida Statutes. Appellee's notice of substitution of party advises:
Pursuant to the authority of section 20.43 (3)(f), Florida Statutes (Supp.1996) the Department of Health has contracted with the Agency for Health Care Administration (AHCA) to provide consumer complaint, investigative, and prose-cutorial services required by the Division of Medical Quality Assurance, councils, or boards, as appropriate.

. Subsection 458.331(l)(t), Florida Statutes (1995), provides the following grounds for disciplinary action:
(t) Gross or repeated malpractice or the failure to practice medicine with that level of care, skill, and treatment which is recognized by a reasonably prudent similar physician as being acceptable under similar conditions and circumstances.

. Subsection 458.331(l)(j), Florida Statutes (1995), provides the following grounds for disciplinary action:
(j) Exercising influence within a patient-physician relationship for purposes of engaging a patient in sexual activity.

. Subsection 458.331 (l)(x), Florida Statutes (1995), specifies as a grounds for disciplinary action:
(x) Violating any provision of this chapter, a rule of the board or department....
AHCA alleged a violation of section 458.329, Florida Statutes (1995), which provides:
Sexual misconduct in the practice of medicine.-The physician-patient relationship is founded on mutual trust. Sexual misconduct in the practice of medicine means violation of the physician-patient relationship through which the physician uses said relationship to induce or attempt to induce the patient to engage, or to engage or attempt to engage the patient, in sexual activity outside the scope of the practice or the scope of generally accepted examination or treatment of the patient. Sex *384 ual misconduct in the practice of medicine is prohibited.

.Subsection 458.331 (l)(s), Florida Statutes (1995), provides the following grounds for disciplinary action:
(s) Being unable to practice medicine with reasonable skill and safety to patients by reason of illness or use of alcohol, drugs, narcotics, chemicals, or any other type of material or as a result of any mental or physical condition.

. The hearing officers of the Division of Administrative Hearings became administrative law judges, effective October 1, 1996. Ch. 96-159, § 31, at 199, Laws of Fla.

. The recommended order finds:
Respondent established a physician/patient relationship with A.S. when he agreed to review the medical examination form and perform the physical examination in his home.