PER CURIAM.
Arthur Masteller appeals an order revoking his nursing license. We reverse.
In November 1998, the Florida Department of Health filed an administrative complaint against Masteller, a registered nurse, stating that the agency intended to take action against his Florida license because in 1997 the Pennsylvania State Board of Nursing suspended Masteller’s Pennsylvania license. The administrative complaint did not set forth any of the facts underlying the Pennsylvania suspension. Masteller timely returned the Election of Rights form, requesting a formal administrative hearing. Masteller at that time was representing himself.
The agency attorney wrote to Masteller stating that it did not appear that Mastel-ler was disputing the fact that his license to practice in Pennsylvania was suspended. The agency attorney explained that if that fact was not truly disputed, then it would be more appropriate for Masteller to request an informal hearing. The agency letter indicated that Masteller would still be entitled to a formal hearing if that is what he wanted.
Masteller replied that after reading the agency letter, he had decided that he would only request an informal hearing, instead of a formal hearing. The informal hearing was scheduled for June 1999.
In May 1999, Masteller received the package of materials to be presented to the Board of Nursing at the June meeting. He concluded that he needed the assistance of counsel and attempted to obtain representation. He submitted a written pro se request for continuance, explaining that he had consulted with three attorneys in Key West, whom he specifically named. Each attorney declined the representation and recommended that Masteller locate counsel with more experience in Florida administrative practice. The attorneys also suggested that Masteller needed a formal hearing, not an informal hearing. The Board’s counsel informed Masteller he would have to attend the hearing and make the request for continuance in person.
The Board convened in Key West one week after Masteller had made the written request for continuance. He reiterated the request for continuance in person. The Board was concerned that it had, been eight months since the administrative complaint had been filed, and denied the continuance.
The Board proceeded to consideration of the merits of the administrative complaint, including considerable discussion of the 1988 offense which had led to the Pennsylvania discipline, which was sexual misconduct with a patient. The Board’s disciplinary guidelines provide for the licensee to receive the same discipline as that imposed by the other jurisdiction, in this case Pennsylvania. See Fla. Admin. Code R. 64B9-8.006(3)(e). At the time of the Florida hearing, that status was apparently a suspension. The Board decided to exceed its guidelines, see id. R. 64B9-8.006(4)(b), and revoked the license. Masteller subsequently obtained counsel and has appealed.
We conclude that under the circumstances here, the Board of Nursing should have granted the request for continuance. The request was timely filed under the agency’s prehearing order. The transcript does not indicate that exigent circumstances existed. Masteller was not *954 working as a registered nurse, but instead was employed as a medical technician, and there was no requirement that he be a registered nurse for his current position. Certainly the Board is allowed to take into account all of the circumstances, including the fact that the complaint had been pending for eight months, and the nature of the charged misconduct. However, under those circumstances we conclude that the Board should have granted the continuance. The Board could, of course, impose restrictions on Masteller’s license for the protection of the public during the continuance, if the Board felt that such steps were necessary.
On the merits, the Board conducted a fact-based inquiry into the 1988 misconduct which led to the Pennsylvania discipline, as well as Masteller’s conduct since that time. Masteller sought to develop a record of what amounts to proof of rehabilitation. Masteller was entitled to a formal hearing, see Klein v. Dept. of Business and Professional Regulation, 625 So.2d 1237, 1239 (Fla. 2d DCA 1993), and Masteller shall be entitled to so elect on remand. We do not preclude the Board from ordering interim restrictions on Masteller’s license pending final hearing, if the Board concludes that such steps are warranted.
We emphasize that we do not express any opinion on the underlying merits of this case, or the nature or extent of discipline which can or should be imposed. This reversal is based on considerations of procedural fairness only. The ultimate decision on the merits remains that of the Board. •
Reversed and remanded for further proceedings consistent herewith.
COPE and FLETCHER, JJ., concur.
LEVY, J., dissents.