BENTON, J.
Charles Séymour Smith asks us to overturn the order the Florida Real Estate Commission (Commission) entered suspending his real estafé broker’s license for five years. In proceedings under Section 120.57(2),■ Florida Statutes* (2013), the Commission concluded' that he violated section 475.25(l)(u), Florida Statutes (2013), and decided a five-year suspension *768 was the appropriate penalty. We do not question the Commission’s determination-based on the undisputed allegations of the administrative complaint — that the violation occurred. But the Commission improperly considered additional “facts,” not alleged in the administrative complaint and never admitted by Mr. Smith, in determining the penalty. Accordingly, we reverse the five-year license suspension and remand for further proceedings.
A real estate broker violates section 475.25(l)(u) when he fails to. “to direct, control, or manage a broker associate or sales associate employed by such broker.” § 475.25(l)(u), Fla. Stat. (2013). The proceedings below began when the Department of Business and Professional Regulation (DBPR) filed an administrative complaint alleging Mr. Smith had violated section 475.25(l)(u), Florida Statutes (2013),
a. By failing to direct, control or manage sales associate Deano McCalla when, during the period of subject’s supervision of McCalla, McCalla engaged in fraud, misrepresentation and criminal theft directed toward client Junita Tan-Hamblin.
b. By failing to direct, control or manage Deano McCalla during the time Deano McCalla was defrauding Tan-Hamblin by only supervising him through phone calls and by only infrequent visits to the office location.
c. By failing to direct, control or manage Deano McCalla after having been told no real estate business was being generated but nonetheless still receiving his monthly broker commission.
Mr. Smith elected an informal hearing before the Commission under Section 120.57(2), Florida Statutes (2013), rather than a formal hearing at the Division of Administrative Hearings under section 120.57(1), Florida Statutes (2013). In so doing, he waived the opportunity to dispute the facts alleged in the administrative complaint.
“The only issues remaining after a waiver are the conclusions of law to be drawn (i.e., whether the admitted facts constitute a violation of the statutes as charged), and the penalties to be imposed.” Nicks v. Dep’t of Bus. & Prof'l Regulation, 957 So.2d 65, 67 n. 1 (Fla. 5th DCA 2007). See Autoworld of Am. Corp. v. Dep’t of Highway Safety, 754 So.2d 76, 77 (Fla. 3d DCA 2000) (stating the purpose of informal hearings is to arrive at conclusions of law as to whether agreed facts amount to a violation of the statutes and, if so, to determine penalties).
At Mr. Smith’s .informal hearing, the Commission decided that the conceded facts constituted a violation of section 475.25(l)(u), and suspended his license for five years. The administrative complaint alleged in substance: While Mr. Smith acted as a qualifying broker for Properties by Prestige, LLC (Prestige), two associates with the firm pocketed rents that should have been turned over to the owner of rental property Prestige managed. The administrative complaint charged that Mr. Smith had failed to supervise only the associates at Prestige, however, and made no mention of any other real estate company for which Mr. Smith was a qualifying broker.
At the informal hearing, the Commission questioned Mr. Smith about a real estate company in Jacksonville for which he was also apparently the qualifying broker and whose owner had, voluntarily surrendered her license. Commissioners seemed to conclude that the voluntary surrender of the Jacksonville agent’s license demonstrated that “she was not getting any supervision at all” from Mr. Smith. In considering the penalty to be imposed, the Commission discussed “facts” not alleged in the administrative complaint, and never *769 admitted by Mr. Smith. One member of the Commission dubbed him a “rent-a-broker.” The record reflects that members of the Commission believed that Mr. Smith was violating section 475.25(l)(u) in supervising other companies for which he was a broker, and that he was guilty of misconduct other than the single violation that was charged.
Our decision in Chrysler v. Department of Professional Regulation, 627 So.2d 31 (Fla. 1st DCA 1993), controls here. Five years’ -suspension is also a substantial penalty. In that case, too, the licensee had requested an informal hearing under section 120.57(2), conceding the facts alleged in the administrative complaint. He appealed revocation of his license arguing
that the Board’s consideration of- the Nebraska allegations denied him due process as they were not raised in the complaint, and he was not given notice 'that such allegations would form part of the administrative proceeding or form the basis for imposition of the harshest penalty possible (i.e., revocation of his license).
Id. at 33. See also Celaya v. Dep’t of Prof'l Regulation, Bd. of Med., 560 So.2d 383, 384 (Fla. 3d DCA 1990) (reversing and remanding “for reconsideration of the penalty”). We concluded in Chrysler as we conclude here that there was “a reasonable probability the Board would have imposed a less harsh penalty but for the- improper consideration of the Nebraska allegations,” Chrysler, 627 So.2d at 35, and reversed and remanded on that basis. Accord Gonzalez v. Dep’t of Health, 120 So.3d 234, 237-38 (Fla.1st DCA 2013).
This is not a case in which a regulatory board explicitly found a licensee guilty of an uncharged violation for which it then imposed a discrete penalty. Cf. Mad Dog Mktg. Grp., Inc. v. Dep’t of Fin, Servs., Div. of Workers’ Comp., 148 So.3d 169, 170 (Fla. 1st DCA 2014); Hamilton v. Dep’t of Bus. & Prof'l Regulation, 764 So.2d 778, 778 (Fla. 1st DCA 2000); Sternberg v. Dep’t of Prof'l Regulation, Bd. of Med. Exam’rs, 465 So.2d 1324, 1325 (Fla. 1st DCA. 1985); Wray v. Dep’t of Prof'l Regulation, Bd. of Med. Exam’rs, 435 So.2d 312, 313-14 (Fla. 1st DCA 1983).
Predicating disciplinary action against a licensee on conduct never alleged in an administrative complaint or some comparable pleading violates the Administrative Procedure Act_
While we base our- decision on the Administrative Procedure Act, we are not unaware that both state and federal constitutions require adequate notice before a citizen’s livelihood can be taken away. Hickey v. Wells, 91 So.2d 206 (Fla.1956); Chrysler v. Department of Professional Regulation, 627 So.2d 31 (Fla. 1st DCA 1993); Willner v. Department of Professional Regulation, 563 So.2d 805 (Fla. 1st DCA 1990), review denied, 576 So.2d 295 (Fla.1991); Celaya v. Department of Professional Regulation, 560 So.2d 383 (Fla. 3d DCA 1990); Sternberg v. Department of Professional Regulation, 465 So.2d 1324 (Fla. 1st DCA 1985); Wray v. Department of Professional Regulation, 435 So.2d 312 (Fla. 1st DCA 1983).
Cottrill v. Dep’t of Ins., 685 So.2d 1371, 1372 (Fla. 1st DCA 1996). But the Commission erred in considering facts neither alleged nor established in determining the penalty. See Klein v. Dep’t of Bus. & Prof'l Regulation, 625 So.2d 1237, 1238-39 (Fla. 2d DCA 1993) (affirming the Board’s conclusion a violation had occurred, while reversing the license revocation and remanding for reconsideration of the penalty, concluding the Board improperly questioned Klein about matters’ the Department had not alleged in the administrative complaint and revoked his license *770 on the basis of infractions it had not charged). We reverse the five-year suspension and remand for reconsideration of the penalty. On remand, the Department “may, if it so desires, amend its administrative complaint to include the allegations,” Chrysler, 627' So.2d at 35, it sprang on the licensee at the informal hearing. Otherwise, the Board must impose any penalty based only on the facts alleged in the administrative complaint, because no other facts have so far been established in a manner the Administrative Procedure Act recognizes.
Reversed and remanded.
OSTERHAUS and BILBREY, JJ, concur.