418 So.2d 331 (1982)
Thomas E. HAYS, Appellant,
v.
STATE of Florida, DEPARTMENT OF BUSINESS REGULATION, DIVISION OF PARI-MUTUEL WAGERING, Appellee.
No. 80-410.
District Court of Appeal of Florida, Third District.
August 3, 1982.
Rehearing Denied September 1, 1982.
Levine & Green and Bruce David Green, Fort Lauderdale, for appellant.
David M. Maloney, Tallahassee, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Hays appeals from an order by the Division of Pari-Mutuel Wagering (Division) entered on February 20, 1980 declaring him ineligible for licensing in any further capacity and imposing a $200 fine.
The order appealed from arose out of the following factual situation. On November 21, 1978, "Gently Noble," a thoroughbred racehorse owned by Hays won the first place in a race at Calder Race Course and *332 received the purse of $4,500. Subsequently, it was determined that the horse had raced with the narcotic "fentanyl" in its system. On August 7, 1979, an order was issued by the Division requiring Hays to return the purse monies in accordance with the provisions of Florida Administrative Code Rule 7E-1.06(13) [purse redistribution rule]. The order allowed him forty-five days to comply, which Hays failed to do.
As a result of Hays' noncompliance, the Stewards issued a ruling finding Hays in violation of Rule 7E-1.06(13), suspended his license, and referred the case to the Division with a recommendation that Hays' license be revoked. By order of February 20, 1980, the Division found Hays in violation of Rule 7E-1.06(13) and the order of August 7, 1979, in which he was allowed forty-five days to return the purse monies. He was declared ineligible for licensing and a $200 fine was imposed.
The question presented is whether the Division has the legislative authority to enter the order of February 20, 1980 revoking Hays' license and imposing a $200 fine.
The Division points to Section 550.10(4)(b), Florida Statutes (1979), as the statutory authorization for declaring Hays ineligible for licensing in any further capacity. That statute provides:
The Division of Pari-Mutuel Wagering may deny or revoke any license where the holder thereof has violated the rules and regulations of the division governing the conduct of persons connected with the racetracks.
Hays' response is that this statute does not empower the Division to declare him ineligible for licensing for violation of an order. We agree. However, Hays concedes that his license was also revoked for violation of the purse redistribution rule, but contends that the unconstitutionality of the underlying rule precludes the application of Section 550.10(4)(b), supra.[1]
Since it is undisputed that Hays did not seek review of the August 7, 1979 order at any time prior to this appeal, the issue is whether that order is res judicata of the question of the constitutionality of the purse redistribution rule. We answer in the affirmative.
The doctrine of administrative res judicata is firmly entrenched in Florida. Coral Reef Nurseries, Inc. v. Babcock Company, 410 So.2d 648 (Fla. 3d DCA 1982); Rubin v. Sanford, 168 So.2d 774 (Fla. 3d DCA 1964), cert. denied, 180 So.2d 331 (Fla. 1965). While it is true that an administrative agency lacks jurisdiction to consider the constitutionality of its own action, Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695, 699 (Fla. 1978), there was no impediment to Hays in filing a petition for review with this court pursuant to Section 120.68, Florida Statutes (1979); Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844 (Fla. 1st DCA 1980). All constitutional issues (including due process) which may have been raised on direct appeal are res judicata in a collateral attack unless those issues relate to the jurisdiction of the court. See DeBusk v. Smith, 390 So.2d 327 (Fla. 1980); 2 Davis, Administrative Law Treatise § 18.10 (1958 & Supp. 1970); 2 Am.Jur.2d Administrative Law § 493 (1962); 33 Fla.Jur.2d Judgments and Decrees §§ 317, 322 (1982). The Division had subject matter jurisdiction over the cause and, therefore, Hays is now precluded from collaterally attacking the constitutionality of the purse redistribution rule. Because we have determined that Hays is barred from raising this constitutional issue, we have no difficulty in concluding that the Division acted within its legislative authority in revoking Hays' license for violation of the purse redistribution rule.
That portion of the February 20, 1980 order attempting to fine Hays $200 stands on a different footing. Unlike the *333 licensing penalty for which the Division properly pointed to Section 550.10(4)(b), supra, as the legislative authorization, the imposition of the $200 fine is not authorized under any legislative provision. We have recently decided this issue, in McFarlin v. State, Department of Business Regulation, Division of Pari-Mutuel Wagering, supra. For that reason, that portion of the February 20, 1980 order which imposed a fine is reversed.
Affirmed in part, reversed in part.
NOTES
[1] Hays argues that the purse redistribution rule is unconstitutional in that it requires a forfeiture without any general legislative authority as required by Article 1, Section 18 of the Declaration of Rights of the Florida Constitution. See McFarlin v. State Department of Business Regulation, Division of Pari-Mutuel Wagering, 405 So.2d 255 (Fla. 3d DCA 1981).