563 So.2d 805 (1990)
Robert E. WILLNER, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 89-2237.
District Court of Appeal of Florida, First District.
June 26, 1990.
Rehearing Denied July 30, 1990.
*806 Joseph C. Jacobs, Margaret A. McCall, Robert M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for appellant.
Lisa S. Nelson of the Dept. of Professional Regulation, Tallahassee, for appellee.
ALLEN, Judge.
This is an appeal by Robert E. Willner, M.D., from a final order of the Department of Professional Regulation, Board of Medicine, appellee. In its final order, appellee adopted the recommended order of the hearing officer, who had concluded that appellant was guilty of ten violations of Section 458.331(1), Florida Statutes (1981, 1983, & 1985). Appellee imposed a fine in the amount of $50,000 ($5,000 per violation); suspended appellant's medical license for one year; and placed him, upon reinstatement of his license, on two years probation, subject to the special condition that he pay $60,000 to the Department of Legal Affairs, Division of General Legal Services, for use in consumer protection. We find (1) that three of the violations, and the fines therefor, must be set aside, because they were not charged in the administrative complaints filed against appellant; (2) that the penalties for the seven remaining violations were imposed in violation of the ex post facto provisions of the state and federal constitutions; and (3) that the special condition of probation was imposed in violation of Article I, Section 18 of the Florida Constitution. Consequently, we modify the final order to comply with the requirements of law.
First, appellant correctly argues that three of the violations were not charged in the administrative complaints against him. We, therefore, set aside the findings of guilt and the fines for violation of Section 458.331(1)(h), Florida Statutes (1981); Section 458.331(1)(t), Florida Statutes (1981); and Section 458.331(1)(n), Florida Statutes (1983). Davis v. Department of Professional Regulation, 457 So.2d 1074 (Fla. 1st DCA 1984).
Next, appellant argues that the fines imposed against him are in violation of the ex post facto provisions of the state and federal constitutions. We agree. In 1986, Section 458.331(2)(d), Florida Statutes, was amended to increase the amount of the maximum administrative fine which could be assessed by appellee for violations of Section 458.331(1), Florida Statutes. See Ch. 86-245, § 18, Laws of Fla. The 1986 amendment increased the maximum fine from $1,000 per violation to $5,000 per violation. Since all the violations for which appellant was found guilty occurred prior to the effective date of the 1986 amendment, the maximum fine which could lawfully be imposed by appellee was $1,000 per violation. Florida Patient's Compensation Fund v. Scherer, 558 So.2d 411 (Fla. 1990).
Appellant also contends that the special condition of probation requiring him to pay $60,000 to the Department of Legal Affairs for the consumer protection activities of that agency is an unlawful administrative penalty, violative of Section 18 of the Declaration of Rights of the Florida Constitution, which provides that "[n]o administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law." For its authority, appellee relies upon the language contained in Section 458.331(2)(f), Florida Statutes, which authorizes appellee, upon finding a violation of Section 458.331(1), Florida Statutes, to place a physician on probation "subject to such conditions as the board may specify."
We agree that the $60,000 payment is a penalty. As a penalty, it can only be upheld if the legislative authority relied upon by the agency is sufficiently specific to indicate a clear legislative intent that the agency have authority to exact the penalty prescribed. Continental Const. Co. v. Board of Trustees of Internal Imp. Trust Fund, 464 So.2d 204 (Fla. 1st DCA 1985), review denied, 472 So.2d 1180 (Fla. 1985). We find the language of Section 458.331(2)(f), Florida Statutes, to be a general grant of authority to the appellee, lacking in sufficient specificity to evince a legislative intent to authorize appellee to exact *807 monetary penalties as conditions of probation.
We find appellant's remaining arguments to be without merit.
Accordingly, we modify the final order of the Board of Medicine (1) to delete the findings of guilt and fines for the three violations which were not charged in the administrative complaints; (2) to reduce the fines for the seven remaining violations to $1,000 per violation; and (3) to delete the special condition of probation requiring appellant to pay $60,000 to the Department of Legal Affairs. As modified, the final order of the Board of Medicine is affirmed.
SMITH and NIMMONS, JJ., concur.