PER CURIAM.
South Medical Services, Inc., appeals a final order issued by the Agency for Health Care Administration. We affirm in part and reverse in part.
The Agency initiated proceedings against South Medical to terminate its participation in the Medicaid program and to obtain repayment of alleged overpayments of Medicaid funds. The administrative hearing officer recommended termination of South Medical from the Medicaid program and imposition of a fine of $7,000. The hearing officer concluded, however, that the evidence presented by the Agency was insufficient to allow a determination of the overpayment amount. Consequently no repayment was ordered. The hearing officer’s recommended order also stated, “No conclusion is reached herein as to whether [the Agency] can seek reimbursement of the alleged overpayment in this or a subsequent proceeding upon submission of appropriate evidence to establish the amount of the overpayment.” Recommended Order at 23.
The Agency entered a final order which states in part:
At issue in this case is whether South Medical was overpaid, whether to terminate South Medical from participation as a Medicaid provider, and whether to impose fines. The Hearing Officer concluded that South Medical was overpaid, but he rejected the basis on which the agency had *441 determined overpayment, the lack of medical necessity for tests provided. Instead, the Hearing Officer found that the agency is entitled to recover the difference between the appropriate fees for the tests provided and the actual payments which included the costs of professional analysis. There was no evidentiary basis for the Hearing Officer to calculate the amount of the overpayment. I conclude that the calculation is ministerial, given the instructions of the Hearing Officer. Therefore, the agency is directed to inform South Medical of the amount due, and provide a point of entry for South Medical to request another 120.57 proceeding if it wishes to challenge the amount.
Based upon the foregoing, South Medical is obligated to refund overpayments in an amount to be determined; South Medical is terminated as a Medicaid provider for a period of five years commencing from the date of rendition of this Final Order, and finally, the fines of $7,000.00 recommended by the Hearing Officer are imposed.
Final Order at 5 (emphasis added).
On this appeal South Medical does not challenge its termination from the Medicaid program, nor does it challenge the administrative fine. South Medical contends, however, that the Agency’s order regarding over-payments is in error in allowing the Agency to initiate a new proceeding to determine Medicaid overpayments, when the question of Medicaid overpayments was the issue already tried before the administrative hearing officer. We agree.
As the Agency’s order indicates, one of the main issues from the outset was the Agency’s claim for reimbursement of alleged Medicaid overpayments. The Agency notified South Medical of the amount of claimed overpay-ments for the time period January 1-Novem-ber 30, 1991. South Medical requested a formal administrative hearing. South Medical specifically disputed the way in which the Agency had classified South Medical, and disputed the Agency’s method of calculation.'
The Agency bore the burden of proof. All of the issues were fully tried before the hearing officer. The hearing officer concluded that South Medical had been overpaid, but that the evidence presented did not allow a determination to be made regarding the amount of overpayment. Insofar as pertinent here, the Agency’s final order accepted the findings of fact set forth in the recommended order.
The effect of the final order is to allow the Agency to institute a new proceeding to collect the alleged overpayments for the period January 1-November 30, 1991, which is the identical claim already tried in the hearing before the hearing officer. We do not know of a theory on which it is permissible for the Agency to institute a successive administrative proceeding after losing on the merits of the identical claim in an earlier administrative proceeding. See generally Thomson v. State Dep’t of Envtl. Regulation, 511 So.2d 989, 991 (Fla.1987) (“It is now well settled that res judicata may be applied in administrative proceedings.”); Hays v. State Dep’t of Business Regulation, 418 So.2d 331, 332 (Fla. 3d DCA 1982). Since we see no basis on which to permit the initiating of a successive administrative proceeding on the facts present here, we reverse so much of the final order as allows the Agency to conduct further proceedings for the collection of an overpayment for the period January 1-November 30, 1991.
We note that the proceeding below involved claims for overpayment solely for the time period January 1-November 30, 1991. Consequently, if the Agency has viable claims of overpayment for earlier or later time periods, the Agency is free to pursue any appropriate remedy.
The final order is reversed insofar as it permits further proceedings to collect the overpayment for the period January 1-No-vember 30,1991. The final order is affirmed in all other respects, including the termination of South Medical from the Medicaid program and the imposition of administrative fines.
Affirmed in part, and reversed in part.