ALLEN, Judge.
The appellant challenges a final order of the Board of Medicine (the board) imposing sanctions for violations of sections 458.331(l)(m) & (t), Florida Statutes. Because the hearing officer erred in refusing to admit hearsay evidence that was offered to supplement the appellant’s testimony, we set aside the order.
The Department of Professional Regulation, predecessor to the Agency for Health Care Administration (the agency) charged the appellant in an amended administrative complaint with four counts of violating section 458.331(l)(m), Florida Statutes, and four counts of violating section 458.331(l)(t), Florida Statutes, in connection with the appellant’s care and treatment of four patients. The appellant denied the allegations and the matter proceeded to a section 120.57(i), Florida Statutes, hearing before a Division of Administrative Hearings hearing officer. The appellant testified in his own behalf and also offered into evidence ten exhibits, consisting of excerpts from medical texts and treatises, to support his testimony. The agency objected to the admission of these exhibits on the basis that such hearsay was inadmissible to bolster the appellant’s own testimony under section 90.706, Florida Statutes. The hearing officer sustained the objection and did not admit the exhibits.
The hearing officer subsequently issued a recommended order finding the appellant guilty on all counts, and recommending sanctions. With only minor alteration, the board adopted the recommended order and imposed the recommended sanctions.
We agree with the appellant that the hearing officer erred in refusing to admit the exhibits that the appellant offered to help explain his testimony. Section 120.58(l)(a), Florida Statutes, relaxes the evidentiary standard in administrative cases with regard to hearsay evidence:
Hearsay may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.
It is clear from the record that the exhibits were offered for a permissible purpose under this statute, to supplement or explain the appellant’s testimony. Accordingly, they should have been admitted. The agency does not suggest that they were properly excluded, but rather asserts that any error was harmless because the hearing officer chose to believe the testimony of the agency’s expert witness over that of the appellant. But we are unable to conclude on this record that the improper exclusion of the exhibits did not impair “the fairness of the proceedings or the correctness of the action.” § 120.68(8), Fla.Stats. We therefore must set aside the order and remand the case for further agency action.
With regard to the appellant’s argument that the board erred in failing to promulgate separate disciplinary guidelines for each of the three types of violations described in section 458.331(l)(t), Florida Statutes, as mandated by section 458.331(5), Florida Statutes (Supp.1990), we note that this argument is raised for the first time on appeal and, in any event, all the conduct for which sanctions were imposed occurred before the October 1,1990, effective date of the amendments requiring separate guidelines. Ch. 90-60, §§ 4-5, Laws of Fla. (1990). Accordingly, the ease was properly decided under the disciplinary guidelines in effect at the time of the alleged violations. See Willner v. Department of Professional Regulation, Board of Medicine, 563 So.2d 805 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 295 (Fla.1991).
The order is set aside, and this case is remanded for further agency action.
BARFIELD, J., and SHIVERS, Senior Judge, concur.