PER CURIAM.
Robert Loeffler appeals a final order of the Department of Business and Professional Regulation, Construction Industry Licensing Board (the Board), which found three violations of Chapter 498, Florida Statutes. Loeffler challenges only the violation of failing to satisfy a civil judgment rendered against a corporation of which Loeffler was the sole owner and officer, Loeffler Building & Design, Inc. (LBD), and the penalties imposed by the Board above those recommended by the Administrative Law Judge. We reverse.
Loeffler, individually, was granted a Florida certified general contractor’s license. LBD entered into a contract for the renovation of a residence for a Mr. and Mrs. Pirrone. A building permit was sought; and on the permit applications LBD was shown as the contractor, Loef-fler was shown as the qualifying agent, and Loeffler’s personal contractor’s license number was provided. The renovation had not been completed when a dispute arose between the Pirrones and LBD, apparently concerning the timeliness and the quality of the work. The parties proceeded to arbitration, in which the homeowners prevailed. A final judgment against LBD confirming the arbitrator’s award was entered by the Dade County Circuit Court.
Because the civil judgment was not paid, the homeowners filed a claim seeking relief from the Construction Industry Recovery Fund. Loeffler did not appear at the proceedings on the claim. The claim was found to be meritorious, and the homeowners were awarded $25,000, the maximum amount payable from the fund by law.
Thereafter, the Board filed an administrative complaint against Loeffler individually including three counts alleging violations of various provisions of chapter 489, Florida Statutes. First, Loeffler was charged with violating section 489.129(l)(g) by engaging in the business of contracting through LBD without first obtaining certification of the business organization. Second, he was charged with violating section 489.129(1)© by failing to otherwise comply with the provisions of Part I of Chapter 489, Florida Statutes, or with a rule or lawful order of the Board. Finally, in count III Loeffler was charged with violat *152 ing section 489.129(l)(r) “by failing to satisfy within a reasonable time, the terms of a civil judgment obtained against the licensee, or the business entity qualified by the licensee, relating to the practice of the licensee’s profession.”
The matter proceeded to a hearing before an administrative law judge. While Loeffler did not personally appear, he did submit a memorandum in which he argued, among other things, that the violation charged against him individually in count III of the administrative complaint — the failure to satisfy a civil judgment — could not be sustained because the civil judgment was entered against LBD, and not him individually, and LBD was not a licensee or a business qualified by a licensee.
The administrative law judge entered a recommended order finding violations as to counts I and II. The judge concluded, however, that the violation alleged in count III could not be sustained for the reasons argued by Loeffler, explaining in paragraphs 16 and 17 of the recommended order, as follows:
16. While Petitioner has sustained the charges encompassed by Counts I and II of the Administrative Complaint, it has failed with regard to Count III. Section 489. 129(1), Florida Statutes, only authorizes the Construction Industry Licensing Board (Board) to take disciplinary action under the following circumstances:
(1) the board may take ... action against any certificateholder ... if the contractor, financially responsible officer, or business organization for which the contractor is a primary qualifying agent, a financially responsible officer, or a secondary qualifying agent responsible under s. 489.1195 is found guilty of any of the following acts:
[[Image here]]
(r) Failing to satisfy within a reasonable time, the terms of a civil judgment obtained against the licensee, or the business organization qualified by the licensee, relating to the practice of the licensee’s profession.
17. Notably, the civil judgment was not obtained against the licensee and the business organization against which the judgment was obtained, Loeffler Building and Design, Inc., was not “qualified” by the licensee as that term is used in Sections 489.119 and 489.1195, Florida Statutes. Given that the subject statute is a penal statute, it must, as heretofore noted, “be strictly construed and no conduct is to be regarded as included within it that is not reasonably proscribed by it.” Lester v. Department of Professional and Occupational Regulations, [348 So.2d 928, 925 (Fla. 1st DCA 1977)]. Indeed, it would be rather incongruous to conclude otherwise, when Petitioner has pled and demonstrated that Respondent violated the provisions of Section 489.129(l)(j), Florida Statutes, by contracting under the name of Loeffler Building and Design, Inc., without having applied to the Board for certification or registration as its licensed qualifier. Accordingly, Petitioner has failed to demonstrate that Respondent violated the provisions of Section 489.129(l)(r), Florida Statutes, as alleged in Count III of the Administrative Complaint.
The administrative law judge then recommended as a penalty a fine of $250, plus an assessment of the reasonable costs of investigation and prosecution against the respondent.
The Department of Business and Professional Regulation thereafter filed exceptions to the recommended order, including the following exceptions to the conclusions as to count III:
2. Petitioner [the Department] respectfully requests that the Board reject paragraphs 16 and 17 of the Conclusions of Law in the Recommended Order and substitute therefor the following conclusions of law:
a. Collateral estoppel is a judicial doctrine that prevents identical par *153 ties from relitigating issues that previously have been decided between them. The essential elements of collateral estoppel are that the parties and issues be identical and that the particular matter be fully litigated and determined in a contest that results in a final decision by a court of competent jurisdiction. Department of Health and Rehabilitative Services v. B.J.M., 656 So.2d 906 (Fla.1995) at 910. The doctrine is available in administrative proceedings in the same manner as it is available in judicial proceedings. 32 Fla. Jur.2d Judgments and Decrees, § 134; and see, e.g., Hays v. State of Florida, Department of Business Regulation, Division of Pari-Mutuel Wagering, 418 So.2d 331 (Fla. 3d DCA 1982).
b. The doctrine of estoppel is a part of the common law which was adopted by statute in the State of Florida. See, § 2.01, Fla. Stat., and Quality Shell Homes & Supply Co. v. Roley, 186 So.2d 837 (Fla. 1st DCA 1966). The doctrine of estoppel may be applied in situations where its application is necessary in order to prevent a party from taking advantage of his own wrong. 22 Fla. Jur.2d Estoppel and Waiver, § 36.
c. As set forth in § 489.1195(l)(a), Fla. Stat., the qualifying agent of a contracting firm is responsible for supervision of all operations of the firm, for all field work at all sites, and for financial matters both for the firm in general and for each specific job.
d. As set forth in paragraphs 3, 4, and 5 of the Findings of Fact in the Recommended Order, the Respondent [Loeffler] was the sole owner, director, and officer of LBD, and the Respondent on behalf of LBD negotiated and executed the contract between LBD and the Pirrones. As set forth in paragraphs 6 and 7 of the Findings of Fact in the Recommended Order, the Respondent in two building permit applications to the Town of Golden Beach represented himself as the “qualifier” of LBD, as the contractor doing work on the Pirrone home. The Respondent, without authorization from the CILB and therefore unlawfully, contracted with the Pirrones through, and in the name of, the corporation Loeffler Building and Design, Inc., as concluded in paragraph 15 of the Conclusions of Law in the Recommended Order. Even though the Respondent was not licensed by the CILB as LBD’s qualifying agent, nonetheless the Respondent conducted himself in his dealings with the Pirrones and with the Town of Golden Beach as LBD’s de facto qualifying agent.
e. In the Construction Industries Recovery Fund claim proceeding alluded to in footnote 2 of the Recommended Order, the CILB determined that LBD was qualified by the Respondent, despite the fact that, and despite the Respondent’s argument in that proceeding that, the certified general contractor license issued to the Respondent by the CILB authorized the Respondent to engage in contracting in his individual capacity only and not as the qualifying agent of LBD or of any other business entity....
f. Based upon the doctrine of collateral estoppel and the prior CIRF proceeding, the Respondent i,s estopped to deny in this proceeding that LBD is a “business organization qualified by” the Respondent within the meaning of § 489.129(l)(r), Fla. Stat., even though the Respondent was never in fact licensed by the CILB as LBD’s qualifying agent. The doctrine of es-toppel supports this result because to decide otherwise would enable the Respondent to take advantage of (i.e., avoid culpability under § 489.129(l)(r), Fla. Stat.) his own unlawful conduct (i.e., having contracted *154 through and in the name of LBD without CILB authorization),
g. The Petitioner has proven by clear and convincing evidence that the Respondent is guilty of having violated § 489.129(l)(r), Fla. Stat. (1993), as alleged in Count III of the Administrative Complaint.
Thus, in urging the Board to reject the recommended order as to count III, the Department argued that Loeffler was collaterally estopped to deny that LBD is a business organization qualified by him within the meaning of section 489.129(l)(r), given the fact that in the proceeding on the Construction Industry Recovery Fund claim, the Board determined that LBD was qualified by Loeffler. The Department also urged the Board to increase the penalty by imposing an administrative fine of $1,000; to order restitution to the homeowners or, in the alternative, satisfaction of the civil judgment; and to order reimbursement of $25,000 to the Construction Industry Licensing Board for the fund’s payment to the homeowners.
In its final order the Board approved the recommended order with the exception of the conclusions as to count III. In place of paragraphs 16 and 17 of the recommended order, the Board adopted the exceptions filed by the Department, as quoted above.
On appeal Loeffler argues that the doctrine of collateral estoppel cannot apply and that he cannot therefore be found to have committed the violation alleged in count III. He also takes issue with the increased penalty.
In oral argument before this court, the Board correctly conceded that collateral estoppel is not applicable in the instant case. The Board argued, however, that the reasoning used in the exceptions is based upon both collateral estoppel and equitable estoppel, and that the latter doctrine does bar Loeffler from denying that LBD was a business qualified by him.
The exceptions incorporated into the Board’s final order cannot be read in the manner suggested by the Board. The exceptions expressly rely only upon the doctrine of collateral estoppel and, in turn, the final order expressly relies on the doctrine of collateral estoppel exclusively. In view of the specific findings in the exceptions and the final order, we cannot reach the question of whether other equitable doctrines are applicable.
We also agree that the Board erred when it increased the penalty beyond what was recommended by the administrative law judge. In its final order the Board accepted paragraphs 18 through 20 of the recommended order in which the appropriate penalty is discussed. The Board increased the recommended penalty “on the Board’s Conclusion of Law that [Loeffler] is guilty of violating Section 489.129(l)(r), F.S.,” which was charged in count III. Given our conclusion that a violation of count III cannot be sustained, there is insufficient record support for an increased penalty. § 120.57(l)(j), Fla. Stat. (1997).
Accordingly, we REVERSE the final order and REMAND for entry of a final order in accordance with the recommended order of the administrative law judge.
BARFIELD, C.J., VAN NORTWICK AND PADOVANO, JJ., CONCUR.