ON MOTION FOR CLARIFICATION— GRANTED

PER CURIAM.
Upon the Department of Business and Professional Regulation, Construction Industry Licensing Board’s Motion for Clarification filed August 4, 1999, we withdraw this court’s opinion filed July 21, 1999, and issue the following opinion in its place.
Todd Jonas appeals from a final order of the Florida Construction Industry Licensing Board (Board), which found him guilty of violating section 489.129(1)(n) and (r), Florida Statutes (1993), and required him, in pertinent part, to either provide proof of satisfaction of a civil judgment obtained by MACTEC Construction, Inc. (MACTEC) or pay restitution of $17,685.66 to MACTEC.
Shortly after Hurricane Andrew, Jonas, an architect and licensed contractor, entered into an agreement to reconstruct the home of Hanna and Lee Munson (Mun-son). In June 1993, Jonas entered into an agreement with MACTEC, a licensed General Contractor, to perform work within the Munson residence. At some point, Munson became dissatisfied with MAC-TEC’s charges and Jonas halted all payments to MACTEC. MACTEC filed suit against Jonas for breach of contract and obtained a judgment against him in the amount of $17,585.66 plus interest, costs and attorney’s fees on April 14, 1994. Thereafter, Jonas paid $2000 in partial satisfaction of the MACTEC judgment but was unable to completely satisfy it.
In August 1994, the president of MAC-TEC filed a complaint with the Board against the General Contractor’s license of Jonas. In October 1995, the Board filed a complaint against Jonas. A Department of Administrative Hearing Administrative Law Judge (ALJ) conducted a hearing and issued a recommended order to the Board. The Board reviewed the complete record, accepted the recommended order and augmented the recommended penalties, increasing the costs assessed and suspend *1262 ing Jonas’ license until he either satisfied the MACTEC judgment or paid “restitution.”
On appeal, Jonas raises several arguments concerning the Board’s jurisdiction and authority to regulate his conduct, which we find to be without merit. Accordingly, we affirm the final order which found him guilty of violating section 489.129(1)(n) and (r), Florida Statutes (1993). Jonas further contends, based on a conclusion in the ALJ’s recommended order, that the Board has no authority to mandate, as a penalty or as “corrective action,” restitution to MACTEC, which he further equates to satisfaction of the civil judgment.
Chapter 489 governs construction contracting. Section 489.129(1) specifically authorizes the Board to “require financial restitution to a consumer” when a certificate holder is found guilty of any of the enumerated acts, including “failing to satisfy within a reasonable time, the terms of a civil judgment obtained against the licensee, or the business organization qualified by the licensee, relating to the practice of the licensee’s profession.” § 489.129(1)(r), Fla. Stat. (1993).[1] Chapter 455 sets forth general provisions governing the regulation of professions and occupations. Section 455.227, Florida Statutes (Supp.1994), provides grounds for discipline, penalties and enforcement. Section 455.227(2)(g) gives boards the general authority to require “corrective action” for a violation “of any grounds set forth in the applicable practice act[.]” § 455.227(2)(g), Fla. Stat. (Supp.1994). We acknowledge that statutes such as those at issue authorizing the imposition of discipline upon licensed contractors are in the nature of penal statutes, which should be strictly construed. See generally Loeffler v. Florida Dep’t of Bus. & Prof. Reg., 739 So.2d 150, 152 (Fla. 1st DCA 1999); Haggerty v. Department of Bus. & Prof. Reg., 716 So.2d 873, 876 (Fla. 1st DCA 1998).
The ALJ recognized the applicability of section 455.227(2) as a general guideline but concluded that it must be tempered by the more restrictive language of the specific guidelines of section 489.129(1) that circumscribed the agency’s authority to impose penalties, relying upon Department of Envtl. Reg. v. Puckett Oil Co., Inc., 577 So.2d 988, 992 (Fla. 1st DCA 1991)(“[A]n agency possesses no inherent power to impose sanctions, and ... any such power must be expressly delegated by statute.”); and Willner v. Department of Prof. Reg., 563 So.2d 805, 806 (Fla. 1st DCA 1990)(“[A] penalty ... can only be upheld if the legislative authority relied upon by the agency is sufficiently specific to indicate a clear legislative intent that the agency have authority to exact the penalty prescribed.”).[2]
The Department acknowledges that a subcontractor may not fall within the meaning of the word “consumer” and concedes that any reference to the word “restitution” in the final order may be stricken. However, the Department argues that in amending section 455.227 in 1994, the Legislature intended to remedy weaknesses within the specific practice acts and strengthen and expand the then-existing powers of all boards, including the Construction Industry Licensing Board. The Department emphasizes that section 489.129(1)(r) of the applicable practice act does not require that the civil judgment be obtained by a consumer, but rather it re *1263 quires that the judgment be related to the practice of the licensee’s profession. As such, the Department maintains that the requirement that Jonas provide proof of satisfaction of the MACTEC judgment is specifically authorized corrective action pursuant to section 455.227(2)(g) to remedy his violation of section 489.129(1)(r).
We agree. While we find that the Board does not have the authority to require “restitution” to non-consumers pursuant to section 489.129(1), this section clearly indicates that the Board may take disciplinary action against a certificate holder for “failing to satisfy, within a reasonable time, the terms of a civil judgment obtained against the licensee., relating to the practice of the licensee’s profession.” (Emphasis added). Although the Board does not have the authority to independently order payment of “restitution,” it has available to it means to insure payment of an existing civil judgment that are not available in a general civil action. This includes the corrective action of requiring satisfaction of the MACTEC judgment obtained against Jonas, which was related to the practice of his profession.[3] Accordingly, we affirm the final order under review, strike those portions of the order that require Jonas to pay “restitution” to MAC-TEC and leave in effect those portions of the order that require Jonas to provide written proof of satisfaction of the civil judgment obtained by MACTEC.
Affirmed as modified.
SORONDO, J., and NESBITT, Senior Judge, concur.

. This provision has since been revised and presently reads, in pertinent part: “The board may ... require financial restitution to a consumer for financial harm directly related to a violation of a provision of this part....” § 489.129(1), Fla. Stat. (1999).

. In Willner, a statute authorized placing a physician on probation "subject to such conditions as the board may specify.” A board imposed a special condition that the physician pay $60,000 for use in consumer protection. The court found that this payment was a penalty, which could only be upheld if the legislature had evinced the specific intent to authorize exacting monetary penalties as conditions of probation. See 563 So.2d at 806.

. We also note that pursuant to Rule 61G4-17.001(23), Florida Administrative Code, a requirement of proof of satisfaction of a judgment is not the equivalent of an order of restitution, because the Board will consider a judgment satisfied by entry of a mutually acceptable payment plan.