PER CURIAM.
Armando Camejo, a certified general contractor, appeals from a final order imposing an administrative fine, ordering restitution, and suspending his license in a disciplinary action brought by the Florida Department of Business and Professional Regulation [DPR].
It is undisputed that Camejo was the certified general contractor and qualifying agent for A-l Professional General Contractor, Inc., and that A-l obtained building permits for three projects that gave rise to the disciplinary proceeding. The parties stipulated that Camejo himself did not sign the building permit applications for any of the construction projects described in the administrative complaints. Camejo’s defense in the disciplinary proceeding, and his argument on appeal, is that he cannot be held accountable pursuant to section 489.129, Florida Statutes (1999) for work not performed, or poorly performed, pursuant to building permits he never signed.
We disagree. “Statutes such as those at issue authorizing the imposition of *584 discipline upon licensed contractors are in the nature of penal statutes, which should be strictly construed.” Jonas v. Florida Dep’t of Bus. & Prof. Reg., 746 So.2d 1261, 1262 (Fla. 3d DCA 2000). Section 489.129 does not carve out an exception for qualifying agents who fail to maintain control over the use of their certificates. For this court to do so by judicial fiat would weaken the authority of the Construction Industry Licensing Board to govern the industry and protect the public.
We do not address the qualifying agent’s arguments regarding the bankruptcy proceedings, of A-l, as there is no evidence in the record that the claims relating to the three property owners were discharged in bankruptcy, and the issues he raises are not properly developed for appellate review.
AFFIRMED.