Dear Dr. Rizzo:
As the state's Condominium Ombudsman, you ask substantially the following question relating to your duties:
Does the Condominium Ombudsman have the authority to:
 1) Permit a person or entity whose conduct or actions in connection with an election or meeting that is under investigation to waive formal proceedings and enter into a consent proceeding whereby orders, rules, or letters of censure or warning may be entered against the person or entity by the Ombudsman;
 2) Issue an order requiring the offending person or entity or their assignees or agents to cease and desist from the unlawful practice and take such affirmative action as in the judgment of the Ombudsman will carry out the purposes of Chapter 718, Florida Statutes, relative to elections or meetings;
 3) Bring an action in circuit court on behalf of unit owners, lessees or purchasers for declaratory relief, injunctive relief and or restitution;
 4) Impose a civil penalty against an individual or entity or their assignee or agent for any violation of Chapter 718, Florida Statutes, or a rule adopted thereunder relative to elections or meetings;
 5) Impose a civil penalty individually against any officer or board member who willfully and knowingly violates a provision of Chapter 718, Florida Statutes, a rule adopted thereunder, or an order of the Ombudsman, relative to elections or meetings?
During the 2004 legislative session, the Florida Legislature created an Office of the Condominium Ombudsman.[1] The office is located for administrative purposes within the Division of Florida Land Sales, Condominiums, and Mobile Homes of the Department of Business and Professional Regulation, (department) and is funded by the Division of Florida Land Sales, Condominiums, and Mobile Homes Trust Fund.[2]
Section 718.5011(2), Florida Statutes, provides that the condominium ombudsman, who is appointed by the Governor, must be an attorney admitted to practice before the Florida Supreme Court and serves at the pleasure of the Governor. An officer or full-time employee of the ombudsman's office may not
 "actively engage in any other business or profession; serve as the representative of any political party, executive committee, or other governing body of a political party; serve as an executive, officer, or employee of a political party; receive remuneration for activities on behalf of any candidate for public office; or engage in soliciting votes or other activities on behalf of a candidate for public office. The ombudsman or any employee of his or her office may not become a candidate for election to public office unless he or she first resigns from his or her office or employment."[3]
Section 718.5012, Florida Statutes, sets forth the powers and duties of the ombudsman. The ombudsman has access to the files and records of the Division of Florida Land Sales, Condominiums, and Mobile Homes (division) and is authorized to employ professional and clerical staff as necessary for the efficient operation of the office.[4] You refer to subsection (5) of the statute, which provides that the ombudsman is authorized to:
 "monitor and review procedures and disputes concerning condominium elections or meetings, including, but not limited to, recommending that the division pursue enforcement action in any manner where there is reasonable cause to believe that election misconduct has occurred."
While the above provision authorizes the ombudsman to monitor and review procedures and disputes relating to condominium elections or meetings, nothing in the statute provides for the ombudsman to issue orders or impose penalties. Rather, the statute contemplates that the ombudsman may make recommendations to the division for action. Pursuant to section718.501(1)(d), Florida Statutes, it is the division, not the ombudsman, that is authorized to institute enforcement procedures, issue orders, impose penalties, and waive procedures.[5]
An examination of section 718.5012, Florida Statutes, which sets forth the duties of the ombudsman, indicates that the Office of the Condominium Ombudsman acts in an advisory capacity. The ombudsman is authorized to prepare and issue reports and recommendations to the Governor, the department, the division, the Advisory Council on Condominiums, the President of the Senate, and the Speaker of the House of Representatives on any matter or subject within the jurisdiction of the division.[6] In addition, pursuant to subsection (6) of section 718.5012, the ombudsman may make recommendations to the division for changes in rules and procedures for the filing, investigation, and resolution of complaints filed by unit owners, associations, and managers.
The ombudsman also acts as a liaison among the division, unit owners, boards of directors, board members, community association managers, and other affected parties and is responsible for developing policies and procedures to help unit owners, boards of directors, board members, community association managers, and other affected parties to understand their rights and responsibilities.[7] He or she is responsible for coordinating and assisting in the preparation and adoption of educational and reference material and providing resources to assist members of boards of directors and officers of associations to carry out their powers and duties consistent with this chapter, division rules, and the condominium documents governing the association.[8]
In addition, the ombudsman is authorized to encourage and facilitate voluntary meetings with and between unit owners, boards of directors, board members, community association managers, and other affected parties when the meetings may assist in resolving a dispute within a community association before a person submits a dispute for a formal or administrative remedy.[9] However, the statute specifically states that it is the intent of the Legislature that the ombudsman act as a neutral resource for the rights and responsibilities of unit owners, associations, and board members.[10] While section 718.5012(9), Florida Statutes, authorizes the ombudsman to appoint an election monitor in certain cases to attend the annual meeting of unit owners and conduct the election of directors, it does not authorize the ombudsman to take action for election violations.[11]
As an administrative officer, the ombudsman possesses only such authority as has been granted by statute.[12] While the statutes provide for the ombudsman to make recommendations and assist condominium owners and boards, they do not authorize the ombudsman to issue orders or impose penalties or to initiate legal actions on behalf of unit owners, lessees or purchasers. As noted above, such authority has been granted to the Division of Florida Land Sales, Condominiums, and Mobile Homes.
Accordingly, I am of the opinion that the condominium ombudsman is not authorized to permit a person or entity whose conduct or actions in connection with an election or meeting that is under investigation to waive formal proceedings, or to issue orders, bring an action in circuit court on behalf of unit owners, lessees or purchasers, or impose penalties. Rather, such authority has been granted to the Division of Florida Land Sales, Condominiums, and Mobile Homes within the Department of Business and Professional Regulation. The provisions of section718.5012(5), Florida Statutes, authorize the condominium ombudsman to recommend that the division take enforcement action, but do not authorize the condominium ombudsman to independently take such action.
Sincerely,
 Charlie Crist Attorney General
CC/tjw
[1] See ss. 6-8, Ch. 04-345, Laws of Fla.
[2] Section 718.5011(1), Fla. Stat.
[3] Section 718.5011(2), Fla. Stat. And see s. 718.5014, Fla. Stat., which provides that the ombudsman shall maintain his or her principal office in Leon County on the premises of the division or, if suitable space cannot be provided there, at another place convenient to the offices of the division which will enable the ombudsman to expeditiously carry out the duties and functions of his or her office. The ombudsman may establish branch offices elsewhere in the state upon the concurrence of the Governor.
[4] Section 718.5012(1) and (2), Fla. Stat.
[5] See s. 718.501(1)(d), Fla. Stat., which provides:
 "Notwithstanding any remedies available to unit owners and associations, if the division has reasonable cause to believe that a violation of any provision of this chapter or rule promulgated pursuant hereto has occurred, the division may institute enforcement proceedings in its own name against any developer, association, officer, or member of the board of administration, or its assignees or agents, as follows:
 1. The division may permit a person whose conduct or actions may be under investigation to waive formal proceedings and enter into a consent proceeding whereby orders, rules, or letters of censure or warning, whether formal or informal, may be entered against the person.
 2. The division may issue an order requiring the developer, association, officer, or member of the board of administration, or its assignees or agents, to cease and desist from the unlawful practice and take such affirmative action as in the judgment of the division will carry out the purposes of this chapter. Such affirmative action may include, but is not limited to, an order requiring a developer to pay moneys determined to be owed to a condominium association.
 3. The division may bring an action in circuit court on behalf of a class of unit owners, lessees, or purchasers for declaratory relief, injunctive relief, or restitution.
 4. The division may impose a civil penalty against a developer or association, or its assignee or agent, for any violation of this chapter or a rule promulgated pursuant hereto. The division may impose a civil penalty individually against any officer or board member who willfully and knowingly violates a provision of this chapter, a rule adopted pursuant hereto, or a final order of the division. . . ."
[6] See s. 718.5012(3), Fla. Stat., which also provides that the ombudsman shall make recommendations he or she deems appropriate for legislation relative to division procedures, rules, jurisdiction, personnel, and functions.
[7] See s. 718.5012(4), Fla. Stat.
[8] See s. 718.5012(4) and (7), Fla. Stat.
[9] See s. 718.5012(8), Fla. Stat.
[10] Id.
[11] See s. 718.5012(9), Fla. Stat., which provides:
 "Fifteen percent of the total voting interests in a condominium association, or six unit owners, whichever is greater, may petition the ombudsman to appoint an election monitor to attend the annual meeting of the unit owners and conduct the election of directors. The ombudsman shall appoint a division employee, a person or persons specializing in condominium election monitoring, or an attorney licensed to practice in this state as the election monitor. All costs associated with the election monitoring process shall be paid by the association. The division shall adopt a rule establishing procedures for the appointment of election monitors and the scope and extent of the monitor's role in the election process."
And see Rule 61B-23.0021(14), Fla. Admin. C., which states that, as provided by s. 718.5012(9), Fla. Stat., fifteen percent of the total voting interests entitled to vote at the annual meeting of unit owners for the election of directors, or the owners of six units entitled to vote at the annual meeting of unit owners for the election of directors, whichever number is greater, may petition the ombudsman for the appointment of an election monitor. The procedures for filing a petition for the appointment of an election monitor are contained in Rule61B-23.00215, Fla. Admin. C. Pursuant to Rule 61B-23.00215(5), once a petition has been found by the ombudsman to be adequate, the ombudsman shall appoint an election monitor as provided by s. 718.5012(9), Fla. Stat., and this rule. Any appointment of a division employee shall be subject to the approval of the division director. The appointed monitor shall review any documents provided by the petitioners or by the association in advance of the scheduled election and shall attend and conduct the election in person. However, where a division employee is appointed as monitor, the employee shall not provide direct advice or suggestions to the association or to individual owners in the course of the election. Rule 61B-23.00215(6) and (7), Fla. Admin. C.
[12] Cf. Art. I s. 18, Fla. Const.; Department of EnvironmentalRegulation v. Puckett Oil Company, 577 So. 2d 988, 992 (Fla. 1st DCA 1991) ("An agency possesses no inherent power to impose sanctions, and . . . any such power must be expressly delegated by statute."); and Willnerv. Department of Professional Regulation, 563 So. 2d 805, 806 (Fla. 1st DCA 1990) ("A penalty . . . can only be upheld if the legislative authority relied upon by the agency is sufficiently specific to indicate a clear legislative intent that the agency have authority to exact the penalty prescribed.") And see s. 120.54(1)(e), Fla. Stat. (no agency has authority to establish penalties for violation of a rule unless the Legislature, when establishing a penalty, specifically provides that the penalty applies to rules).